[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 5, 1997
The above captioned action came before this court on the plaintiffs' application to confirm an appraisal award entered by CT Page 3154 a panel of three appraisers initially on January 22, 1997, modified on February 6, 1997.
In this amended award, which is attached to the application as Exhibit C, the appraisers found that the plaintiffs were entitled to coverage in various amounts as to several kinds of losses sustained in a fire at a premises insured by the defendant.
By a pleading dated August 1, 1997, the plaintiffs seek an order of this court adding to the arbitration award interest on an amount claimed not to have been paid by the defendant between the date of the award and the date of the hearing on the application to confirm the award.
The defendant, which did not move to modify the award within thirty days of February 6, 1997, has filed a "response" opposing the requested award of pre-confirmation interest. At oral argument, the defendant took the further position that it was not obligated to pay the full amount of the award because the plaintiffs have not provided the defendant with evidence that they actually incurred some of the living expenses that the appraisers awarded for a one-month period postdating the award.
The arbitration award dated February 6, 1997 contains no provision conditioning the payment of the amount awarded on the furnishing of documentation, as the defendant claims. The defendant is thus asking this court to modify the award, a course this court is without jurisdiction to take in the absence of a timely motion to correct or modify the award filed pursuant to C.G.S. §§ 52-419 and 52-420.
Finding that the award conforms to the submission and that no timely motion to vacate or modify was filed by the defendant, this court grants the application for a judgment confirming the award.
The plaintiffs are unwarranted in seeking an award of interest from this court as to a period pre-dating the judgment confirming the award. Connecticut General Statutes § 52-421, the only authority claimed by the plaintiffs to support the award of interest they seek, provides that a judgment entered upon an application to confirm an award is subject to "all processes of law relating to a judgment or decree in a civil action." Though postjudgment interest may therefore be awarded, the plaintiff is not correct in its contention that § 52-421 supplies a basis CT Page 3155 for this court to supplement the remedies ordered by the appraisers by awarding interest for a period prior to the entry of judgment.
CONCLUSION
Judgment shall enter in favor of the plaintiffs in accordance with the award of the appraisers. The motion of the plaintiffs for an award of interest between the date of the award and the entry of judgment is denied. The plaintiffs shall recover their statutory court costs.
HODGSON, J.